UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PETER PIATETSKY,

       Plaintiff,

    -v-                           **COMPLAINT**

THE PORT AUTHORITY OF NEW YORK     **JURY TRIAL DEMANDED**
AND NEW JERSEY, POLICE OFFICER
ANTHONY CAMACHO,                 24-cv-9136


       Defendants.

--------------------------------------------------------X

     Peter Piatetsky ("Plaintiff"),  by and through his attorney, Cody Warner, P.C., states and alleges as follows against The Port Authority of New York and New Jersey and Police Officer Anthony Camacho:

## PRELIMINARY STATEMENT

     1.     This is a civil rights action in which Plaintiff seeks relief for Defendants' violation of his civil rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the laws and Constitution of the State of New York.

     2.     Plaintiff's claims—as applicable by United States and New York law—include excessive force, denial of the right to a fair trial, *Monell* liability, and negligent hiring, retention and supervision.

     3.     Plaintiff's claims arise from his arrest on December 2, 2023, at the entrance of the Holland Tunnel.

1

4.      The Defendants' acts caused Plaintiff to sustain physical and emotional injuries.

5.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and further relief as the Court deems just and proper.

## JURISDICTION

6.      The federal claims in this action are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction for those claims is conferred upon this court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4).  Further, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction to adjudicate the state claims raised in this complaint.

## JURY TRIAL DEMANDED

7.      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all of his claims as pleaded herein.

## VENUE

8.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this complaint occurred within this district.

## NOTICE OF CLAIM

9.      Plaintiff served a Notice of Claim with The Port Authority of New York and New Jersey ("Defendant Port Authority") on December 14, 2023.  More than sixty days have elapsed between the filing of this complaint and service of the Notice of Claim. This action is commenced within one year of the incident.

2

**PARTIES**

10. Plaintiff is a thirty-seven-year-old man who resides in Queens County, New York.

11. Defendant Port Authority is a governmental entity organized under the laws of New York and New Jersey and authorized by the Congress of the United States.

12. As authorized by law, Defendant Port Authority maintains a police department, the Port Authority Police Department ("PAPD"), which acts as its agent and for which it is ultimately responsible.

13. At all times relevant hereto, Defendant Port Authority, acting through the PAPD, was responsible for the policy, practice, supervision, implementation, and conduct of all PAPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all PAPD personnel, including police officers, detectives, supervisory officers.

14. At all times here relevant, Defendant Port Authority was responsible for enforcing the rules of the PAPD and for ensuring that PAPD personnel obey the laws of the United States and the State of New York.

15. Defendant Police Officer Anthony Camacho ("Defendant Camacho") was at all times here relevant, a police officer employed by the PAPD under shield #1297 who acted under the color of state law in the capacity of an agent, servant and employee of Defendant Port Authority. Defendant Camacho is being sued in his individual and official capacities.

**STATEMENT OF FACTS**

16. At approximately 2:00 PM on December 2, 2023, Plaintiff traveled in lower Manhattan towards the Holland Tunnel ("Tunnel") to go to New Jersey.

17.     Plaintiff traveled on an electric unicycle ("EUC")—a self-balancing, single-wheeled, personal transporter that is powered by an electric motor.

18.     As Plaintiff approached the Tunnel, he did not see any posted signs that indicated that EUCs were prohibited from the Tunnel.

19.     Plaintiff proceeded to enter the Tunnel.

20.     Once Plaintiff was inside the Tunnel, traffic reached a standstill. Plaintiff waited in traffic and then determined that his EUC's battery level was low and might run out of power if he waited indefinitely inside of the tunnel.

21.     Plaintiff turned around and rode his EUC on the side of the road towards the entrance of the tunnel.

22.     Meanwhile, Defendant Camacho stopped traffic from entering the Tunnel by placing orange cones across the entrance of the tunnel.

23.     Defendant Camacho then stood behind a concrete barricade on the side of the road.

24.     When Plaintiff exited the Tunnel, Defendant Camacho emerged from the concrete barricade and rushed toward Plaintiff.

25.     Defendant Camacho body slammed Plaintiff, knocking Plaintiff off his moving EUC and into a concrete barrier.

26.     Plaintiff's head slammed into the concrete barrier.

27.     Plaintiff then fell to the ground.

28.     As a result of Defendant's Camacho's use of force, Claimant suffered a sprained wrist, sprained ankle, bruises, and a concussion.

29.     Defendant Camacho placed Plaintiff in handcuffs.

30. Defendant Camacho spoke to the arresting officer, Ivin Lee ("AO"), about the incident.

31. Defendant Camacho falsely alleged to the AO that Plaintiff slapped and shoved him about the hand when Plaintiff entered the tunnel.

32. Defendant Camacho's false allegations were forwarded to the New York County District Attorney's Office.

33. The New York County District Attorney's Office charged Plaintiff in New York County Criminal Court Docket No. CR-034468-23NY with Resisting Arrest (P.L. § 205.30), Attempted Assault in the Third Degree (P.L. § 110/120.00(1)), Trespass (P.L. § 140.05), and Harassment (P.L. § 240.26(1)).

34. At Plaintiff's arraignment in New York County Criminal Court on December 3, 2023, Plaintiff pled guilty to the violation of Disorderly Conduct (P.L. § 240.20) in full satisfaction of the docket.

35. After Plaintiff was released, he suffered from brain fog, dizziness, and repeated vomiting. He also suffered from pain in his left foot and wrist.

36. Plaintiff went to the hospital to receive medical care for his traumatic brain injury and pain to his left foot and wrist.

37. Plaintiff suffered from persistent headaches for months after the incident.

38. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law.

39. Upon information and belief, the Port Authority, the PAPD and their respective policy and decision makers and supervisors have imposed or acquiesced to polices or customs within the PAPD that resulted in the use of excessive force against Plaintiff.

40.    Upon information and belief, the Port Authority, the PAPD and their respective policy and decision makers and supervisors have failed to provide adequate training regarding safely stopping persons riding EUCs and other personal transporters.

41.    Defendant Camacho's use of force to seize Plaintiff was so egregious as to amount to deliberate indifference by the policy and decision makers within the Port Authority and PAPD. The need for enhanced training and supervision is obvious due to the unnecessarily violent takedown of Plaintiff by Defendant Camacho.

42.    Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current polices and customs of the Port Authority and PAPD are within the exclusive knowledge of the Defendants.

43.    As a direct and proximate result of the said acts of the Defendants, Plaintiff sustained the following injuries and damages:

    a.    Deprivation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    b.    Deprivation of his rights under the laws and Constitution of the State of New York;

    c.    Conscious pain and suffering;

    c.    Mental and emotional trauma and distress.

## FIRST CLAIM

### Excessive Force Under 42 U.S.C. § 1983

44.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

45.     By the actions described, Defendant Camacho deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

46.     As a direct a proximate result of the aforementioned conduct of Defendant Camacho, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Denial of Right to a Fair Trial Under 42 U.S.C. § 1983

47.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

48.     Defendant Camacho deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment right to a fair trial.

49.     As an officer involved in the arrest of Plaintiff, Defendant Camacho was an investigating official for Plaintiff's arrest.

50.     Defendant Camacho deliberately forwarded fabricated information to the New York County District Attorney's Office.

51.     The fabricated information was likely to influence a jury's verdict.

52.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### Governmental Entity "Monell" Liability Under 42 U.S.C. § 1983 Against Defendant Port Authority

53.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

54.     Defendant Port Authority maintained a policy, custom or practice that caused Plaintiff to be deprived of his constitutional right to be free from excessive force.

55.     Defendant Port Authority's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising decision or policymaker must, or should, have been aware of.

56.     Defendant Port Authority's supervisors, decision or policymakers failed to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who encounter Defendant Port Authority's employees.

57.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FOURTH CLAIM**

**Negligent Hiring, Retention and Supervision Under New York State Law Against Defendant Port Authority**

58.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

59.     Defendant Port Authority owed a duty of care to Plaintiff to adequately hire, retain, and supervise its employee Defendant Camacho.

60.     Defendant Port Authority breached that duty of care.

61.     Defendant Port Authority placed Defendant Camacho in a position where he could inflict foreseeable harm.

8

62. Defendant Port Authority knew or should have known of employee Defendant Camacho's propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

63. Defendant Port Authority failed to take reasonable measures in hiring, retaining and supervising its employee Defendant Camacho that would have prevented the aforesaid injuries to Plaintiff.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

**Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code**

65. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

66. As detailed above, the individual defendant intentionally violated Plaintiff's right to be secure against unreasonable searches and seizures, and against excessive force, in violation of New York City Administrative Code Title 8, Chapter 8, Section 802: The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used In Connection with a Search or Seizure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff in an amount to be determined at trial;

    b. An order awarding punitive damages in an amount to be determined at trial;

c.  A court order pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to

reasonable attorney's fees, costs and disbursements; and

d.  Such other and further relief as this Court may deem appropriate.


DATED:      November 27, 2024
            New York, New York




*Cody Warner*
_____
Cody Warner, Esq.
11 Broadway
Suite 615
New York, NY 10004
cody@codywarnercriminaldefense.com
212-627-3184

*Attorney for Plaintiff*